UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

v().    Criminal No. 2:04-00011

**CHRISTOPHER MULLINS**

MEMORANDUM OPINION AND ORDER

Pending are defendant's motions (1) for release pending appeal ("first motion"), filed August 24, 2004, prior to sentencing, (2) release pending appeal ("second motion"), filed July 20, 2007, after sentencing, and (3) for an expedited ruling on the second motion, filed July 20, 2007.

I.

On January 30, 2004, the grand jury handed up an indictment accusing defendant in two counts of (1) the September 15, 2003, robbery of $12,700 from the Whitesville State Bank, and assaulting a bank employee by use of a dangerous weapon, in violation of 18 U.S.C. § 2113(a) and (d) (Count I), and (2) the use and carrying of a handgun during and in relation to a crime of violence, namely, aggravated bank robbery, in violation of 18 U.S.C. § 924(c)(1)(A) (Count II).

On May 24, 2004, a jury was seated and sworn. On May 27, 2004, the jury convicted the defendant on Counts I and II. On June 14, 2004, the court entered judgment on the jury's verdict. On June 25, 2007, the court denied defendant's motion for judgment of acquittal and for new trial. On June 27, 2007, the court entered its Judgment after a sentencing hearing held the previous day. The Judgment reflects a 135 month term of imprisonment, consisting of 84 months as to Count II, running consecutively to the 51 month sentence imposed on Count I.[1] Defendant was directed to surrender for service of his sentence by 2:00 p.m. on July 27, 2007.

II.

Title 18 U.S.C. § 3143(b) provides as follows concerning release of a defendant pending appeal:

> (b) Release or detention pending appeal by the defendant.--(1) <u>Except as provided in paragraph (2)</u>, the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--
>
>     (A) by clear and convincing evidence that the

---

[1] Defendant was additionally sentenced to a five-year term of supervised release, a $200 special assessment, and $34,821.46 in restitution.

>           person is not likely to flee or pose a danger
>           to the safety of any other person or the
>           community if released under section 3142(b) or
>           (c) of this title; and
>
>           (B) that the appeal is not for the purpose of
>           delay and raises a substantial question of law
>           or fact likely to result in--
>
>                (i) reversal, [or]
>
>                (ii) an order for a new trial . . . .
>
>      If the judicial officer makes such findings, such
>      judicial officer shall order the release of the person in
>      accordance with section 3142(b) or (c) of this title . . .
>      . .
>
>      (2) <u>The judicial officer shall order that a person who
>      has been found guilty of an offense in a case described
>      in subparagraph (A), (B), or (C) of subsection (f)(1) of
>      section 3142 and sentenced to a term of imprisonment, and
>      who has filed an appeal or a petition for a writ of
>      certiorari, be detained</u>.

18 U.S.C. 3143(b)(emphasis supplied).

Title 18 U.S.C. § 3142(f)(1)(A) lists the following types of offenses for which mandatory detention is required:

>      (A) a crime of violence, or an offense listed in section
>      2332b(g)(5)(B) for which a maximum term of imprisonment
>      of 10 years or more is prescribed . . . .

<u>Id.</u>

Defendant "concedes . . . he was convicted of a § 3142(f)(1) crime." (Sec. Mtn. at 4 n.1). At least one court, however, has concluded as follows:

3

> While the language of section 3143(b)(2) compels detention [after conviction and sentencing on a 2113(a) offense], an exception permits release of mandatory detainees who meet the requirements for release under section 3143(b)(1), and "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c).

<u>United States v. Capanelli</u>, 263 F. Supp.2d 677, 679 (S.D.N.Y. 2003).  Section 3145(c) provides as follows:

> (c) Appeal from a release or detention order.--An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. <u>A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate</u>.

18 U.S.C. § 3145(c) (emphasis supplied).

      As noted, one of the requirements of section 3143(b)(1) is as follows:

> (B) that the appeal . . . raises a substantial question of law or fact likely to result in--
>
>> (i) reversal, [or]
>>
>> (ii) an order for a new trial . . . .

<u>Id.</u>  Defendant "acknowledges that a high bar exists for him to remain released pending appeal . . . ." (Sec. Mtn. at 4).

Our court of appeals' decision in <u>United States v. Steinhorn</u>, 927 F.2d 195, 196 (4th Cir. 1991), informs the inquiry:

> We adopt the definition of "substantial question" first proposed by the Eleventh Circuit in <u>United States v. Giancola</u>, 754 F.2d 898 (11th Cir.1985). That court defined a "substantial question" as:
>
>> a "close" question or one that very well could be decided the other way.  Further, there are no blanket categories for what questions do or do not constitute "substantial" ones. Whether a question is "substantial" must be determined on a case-by-case basis.
>
> <u>Giancola</u>, 754 F.2d at 901.

<u>Id.</u> at 196.

In his second motion, defendant contends there are at least two substantial questions of law or fact that warrant his release pending appellate review, namely, (1) the government's putative violation of the standard discovery order and the local rules of criminal procedure by its late disclosure of an expert witness' report and related materials and the court's denial of defendant's continuance request to meet the evidence, and (2) the asserted variance between the vehicle identification number ("VIN") of the red Chevy Blazer driven by defendant and the partial VIN located on a burned Chevy Blazer recovered after the offense.

The court examined each of these issues, along with others, in detail within the 35 page, June 25, 2007, memorandum

opinion and order denying defendant's motions for judgment of acquittal and new trial.  For the reasons stated therein, the court is unable to conclude that either of the issues identified by the defendant "raises a substantial question of law or fact likely to result in (i) reversal, [or]  (ii) an order for a new trial . . . ."  Id. at 3143(b)(1).  Moreover, defendant has not demonstrated pursuant to section 3145(c) that exceptional reasons exist to support his release pending appeal.

The court, accordingly, ORDERS that the first and second motions be, and they hereby are, denied.  The court further ORDERS that the motion for an expedited ruling on the second motion, be, and it hereby is, denied as moot.

The Clerk is directed to forward copies of this memorandum opinion and order to all counsel of record and the defendant.

DATED:  July 27, 2007

_____
John T. Copenhaver, Jr.
United States District Judge

6