UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

v.                           CRIMINAL ACTION NO. 2:04-00011

**CHRISTOPHER MULLINS**

## SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
## MEMORANDUM OPINION AND ORDER

On June 16, 2022 and September 6, 2022, the United States of America appeared by Ryan A. Keefe, Assistant United States Attorney, and the defendant, Christopher Mullins, appeared in person and by his counsel, L. Thompson Price, Esq., for a hearing on the petition seeking revocation of supervised release submitted by United States Probation Officer Justin L. Gibson.  The defendant commenced a five (5) year term of supervised release in this action on June 2, 2017, as more fully set forth in the Judgment in a Criminal Case entered by the court on June 27, 2007.

The court heard the admissions and objections of the defendant, the evidence adduced by the parties, and the representations and arguments of counsel.

Pursuant to the court's findings of fact and conclusions of law as enumerated in open court on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of his supervised release in the following respects:  (1) on July 15, 2021, the defendant committed battery by punching Charles Staats in the face in violation of state laws; and (2) the defendant failed to pay restitution amounts inasmuch as he was to make $1,000 monthly payments towards restitution beginning two months after his term of supervised release commenced, and the defendant failed to submit any restitution payments for the months of August, September, October, November, and December 2017, January, February, March, June, August, September, and December 2018, June 2019, May, July, October and December 2021, and January, 2022; all as set forth in the petition on supervised release, and by the court's findings on the record of the hearing.

The court further found that the government failed to prove by a preponderance of the evidence that the defendant committed third degree arson as charged in the Magistrate Court of Wood County, West Virginia, and as set forth in the last two paragraphs in Violation Number 1 in the Petition.  In particular the court found that the truck portrayed in the photographs from a Subaru dealership camera taken near the time and place of the arson, are not photographs of the defendant's truck; and, the court further found that, in light of defense witness Jason Michael Johnson's testimony, the government failed to prove by a preponderance of the evidence that the text message "Are you mad I burnt your girlfriends car up," marked in defendant's exhibit 6 and government's exhibit 2, came from the defendant's cell phone as alleged in that same violation.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32.1(b)(2) and (c)(1) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of EIGHT (8) MONTHS with credit for time served, on each Count One and Count Two to be served concurrently with each other for a total period of EIGHT (8) MONTHS imprisonment, to be followed by THREE (3) YEARS of supervised release on each Count One and Count Two to be served concurrently with each other for a total period of THREE (3) YEARS of supervised release, upon the same terms and conditions as heretofore.  It is further ORDERED that in view of the defendant's changed financial circumstances, the balance of restitution shall be paid by him at the rate of $250 per month beginning on the first day of the second month of his supervised release.  This sum of $250 per month may be increased or decreased by the court upon considering the findings and recommendations of, and a revised schedule of payments developed by, the probation officer in keeping with the income of the defendant as such income exceeds or falls below, as the case may be, the reasonably necessary fixed living expenses of the

4

defendant and any dependents after taking into account the reduction of such reasonably necessary fixed living expenses by income of the defendant's dependents.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: September 20, 2022

_____
John T. Copenhaver, Jr.
Senior United States District Judge

5